UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHWEST MISSISSIPPI ANESTHESIA, P.A., INC. d/b/a THE PAIN TREATMENT CENTER | CIVIL ACTION<br><br>NUMBER 08-483-RET-DLD |
| VERSUS | |
| C & G TECHNOLOGIES, INC., ET AL. | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court a motion to remand (rec. doc. 5) filed by plaintiff Southwest Mississippi Anesthesia, P.A., Inc., d/b/a The Pain Treatment Center (PTC) and third-party defendant Arnold E. Feldman (Feldman). The motion is opposed (rec. doc. 12). Defendant C & G Technologies, Inc. (C&G) removed this matter on the basis of both diversity and federal question jurisdiction. 28 U.S.C. §1331 and §1332.

### Background

On or about February 16, 2006, plaintiff Southwest Mississippi Anesthesia, P.A., Inc. d/b/a the Paint Treatment Center (PTC)[1] entered into a contract with defendant Southern Medical Imaging, LLC (SMI)[2] for the purchase of a mobile CT scanner for a purchase price of $827,000.00 (rec. doc. 1-3). Defendant Jeb Robique (Robique)[3], an authorized member

---

[1] PTC is a Mississippi corporation with its principal place of business in Louisiana (rec. docs. 1, 1-3).

[2] SMI is a limited liability company. The petition alleges that its principal place of business is in Louisiana, which is an incorrect statement of citizenship. The petition also states that Robique, a resident of Louisiana, is a member of SMI (rec. docs. 1, 1-3). Because the citizenship of an LLC is that of its members, and at least one of its members (Robique) is a citizen of Louisiana, the court assumes that SMI is a citizen of Louisiana.

[3] Robique is a member of SMI and a citizen of Louisiana (rec. doc. 1, 1-3).

of SMI, executed the contract on behalf of SMI, and Arnold E. Feldman, M.D., the president of PTC, executed the contract on behalf of PTC.

Plaintiff alleges that it was advised prior to the sale that the scanner contained some refurbished parts, but was assured that all parts were "like new." Plaintiff contracted directly with SMI to have all warranty work performed by SMI, and Robique, as SMI's agent, handled all of the regular warranty work. At some point, plaintiff learned that SMI had purchased the scanner from C&G before selling it to plaintiff. Plaintiff alleges that the purchase price of the scanner was bifurcated to reflect the amount payable to SMI for the "consultant fee" and the amount payable to C & G for the cost of the scanner.

The scanner had numerous technical problems that required repair, and plaintiff became increasingly dissatisfied with the warranty work performed by Robique. Robique ultimately refused to perform the warranty work or to deliver the software necessary to diagnose the problems with the scanner without C & G's permission. As a result, plaintiff was forced to make other arrangements to have the warranty work performed.

Plaintiff contends that the scanner was not delivered on time, required constant repairs due to assorted technical problems, was sold with obsolete software and incompatible hardware, and was not delivered with the title. Thus, on November 13, 2006, plaintiff brought suit against SMI and Robique for breach of contract, violation of Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, et seq., bad faith violation of Louisiana redhibition law, and tortious interference with contract or violation of stipulation pour autrui in favor of plaintiff. Plaintiff's petition seeks treble damages, attorneys' fees, recission of the sale, and court costs. At the time suit was filed, plaintiff alleges that it had paid 85% of the purchase price.

SMI and Robique answered the petition and filed a third-party demand against Arnold E. Feldman[4], alleging that Feldman was personally liable for the unpaid purchase price of the CT scanner and for contractual attorneys' fees and costs because he signed the documents. SMI and Rodrique filed several amended answers, and in the third supplemental and amended answer and third-party demand, SMI alleges that if Feldman was not liable for the unpaid amount of the scanner, then PTC was liable for all sums due and damages.[5] On March 25, 2008, plaintiff, SMI, Robique, and Feldman entered into a settlement and release, which included all of the claims between plaintiff and SMI and Robique and the third-party claims against Feldman, except for SMI and Robique's claim against Feldman for attorneys' fees. Although the claims against SMI, Robique, and Feldman have been settled, neither those claims nor any of the defendants have been dismissed from the case.

On June 2, 2008, plaintiff filed an amended petition naming C & G, the original seller of the scanner, as an additional defendant.[6] Plaintiff alleges that by selling the refurbished scanner to SMI, which was then sold to plaintiff, C & G violated state law and federal regulatory laws governed by the Louisiana Department of Environmental Quality and the Federal Food and Drug Administration (rec. doc. 1-3). Plaintiff seeks damages against C & G for the theories of recovery asserted in the original petition and in the amended

---

[4] As the president of PTC, a Louisiana corporation, it is assumed for purposes of the motion that Feldman is a citizen of Louisiana although neither the petition nor the notice of removal properly set forth his citizenship and the parties failed to attach the third-party petition naming Feldman.

[5] Although these facts are alleged, neither party offers the third supplemental and amended answer and third-party demand as proof of these allegations.

[6] C & G is a Kentucy corporation with its principal place of business in Indiana.

petition, "including but not limited to theories of redhibition, violations of LACC art. 2315, and violations of the Louisiana Unfair Trade Practices Act." Id.

As a result of the amended petition, C & G filed a notice of removal on August 1, 2008[7] pursuant to 28 U.S.C. §1446(b).  C & G argues that both diversity and federal question exist. In response to the notice of removal, plaintiff and third-party defendant Feldman filed a motion to remand and request for attorneys' fees and costs, which is before the court for report and recommendation.

**Argument of the Parties**

Plaintiff PTC and third-party defendant Feldman (Movers) argue that this case was improperly removed because this court lacks diversity or federal question jurisdiction. With respect to diversity jurisdiction, Movers contend that removal is barred by the one-year rule in 28 U.S.C. §1446(b).  Additionally because the claims against the non-diverse parties have been settled, but not dismissed, Movers argue that the citizenship of the non-diverse, settling parties must be considered when determining diversity. Movers suggest that realignment of the non-diverse defendants with the plaintiff is inappropriate because defendants do not have a claim against C&G and there has been no demand for indemnification.  Movers also contend that SMI's claim against Feldman for attorneys' fees does not meet the amount in controversy and cannot be aggregated to satisfy the amount in controversy requirement. With respect to federal question jurisdiction, Movers argue that the federal regulations and laws referenced in the petition do not provide for a private right of action and were plead only to support the state law claim of absolute nullity of contract.

---

[7] C & G was served with the amended petition on July 3, 2008, although at that time, plaintiff had not filed an affidavit of service under the Louisiana Long Arm Statute.

Defendant C & G responds by arguing that this court has both diversity and federal question jurisdiction over this matter and that all objections to procedural defects in the removal procedure were not timely raised and, therefore, waived by Movers. C & G argues that diversity of citizenship can be created by realigning the non-diverse, settling defendants (SMI and Robique) with the plaintiff based on an indemnity provision in the settlement agreement or by disregarding the citizenship of the non-diverse parties (SMI and Robique) because they are nominal parties. Additionally, C& G argues that the amount in controversy is satisfied because the value of the scanner is $825,000. C & G asserts federal question jurisdiction based plaintiff's allegations in the amended petition that C & G violated several federal regulatory requirements. C & G argues that the court will have to interpret, construct, and determine the validity of federal statutes and regulations, which supports federal question jurisdiction over this matter.

**Law and Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008).

Defendants correctly point out that Movers failed to file a motion to remand within 30-days of the filing of the notice of removal and, thus, have waived all objections to procedural defects.[8] Although there is currently a split in the Circuits as to whether the one-year period to remove an action in a diversity case is waived if the plaintiff fails to timely file a motion to remand, the Fifth Circuit, which is binding on this court, agrees with defendants on this issue.[9] Thus, the first issue before the court is whether or not diversity jurisdiction exists.

As a result of the settlement of plaintiff's claims against SMI and Robique, C & G argues that diversity of citizenship can be created by realigning SMI, Robique, and Feldman as plaintiffs or disregarding their non-diverse citizenship because they are nominal parties. Pursuant to the settlement agreement, plaintiff and Feldman have agreed to indemnify SMI and Robique against all potential claims asserted by C & G regarding the scanner. C & G argue that realignment is proper because plaintiff, Feldman, SMI and Robique have the same interest going forward against C & G; *i.e.*, all of them would benefit from a finding that C&G was negligent or intentionally violated the law or public policy. C & G cites to case law where the parties were realigned based on their mutual interests in the primary purpose of the lawsuit.

---

[8] The notice of removal was filed on August 1, 2008, and the motion to remand was not filed until September 17, 2008 (rec. docs. 1 and 5).

[9] The Fifth Circuit held in *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513 (5th Cir. 1992), cert. denied 113 S.Ct. 600 (1992), that the defect is procedural only and that a case removed after the year may be retained in federal court if the plaintiff does not move to remand within the § 1447(c) 30-day period. The Sixth Circuit held to the contrary in *Brock v. Syntex Labs., Inc.*, 7 F.3d 232 (6th Cir. 1993), sustaining a remand made on a motion the plaintiffs did not make until almost three months after the defendant's notice of removal.

Several of the cases cited by C & G in support of realignment are distinguishable, however, in that the parties who were realigned as plaintiffs had actual claims pending against defendant. Additionally, in those cases, the surety was realigned with the plaintiff because the surety's liability depended on plaintiff's success or failure in its claims against the remaining defendant. Here, by contrast, plaintiff's success or failure against defendant C & G is immaterial to defendants SMI and Robique. SMI and Robique have settled their claims concerning the scanner, and they are neither benefitted nor harmed by plaintiff's success or failure against C & G. This is not a situation where SMI/Robique recover only if plaintiff recovers as in the case of a surety whose liability depends on the success or failure of the plaintiff.

Under the settlement agreement in this case, plaintiff PTC and Feldman owe indemnity to SMI and Robique only for *potential* claims by C & G against SMI and Robique. At the time of removal, C & G had not asserted a claim against SMI or Robique. Thus, at the time of removal, SMI and Robique had nothing to gain or lose by plaintiff's suit against C & G. Indeed, hypothetically, their interests could have been theoretically aligned with plaintiff's had they not settled because they could have engaged in a common strategy of uniting against C & G. To the extent C & G paid plaintiff, plaintiff could have reimbursed SMI. Such a strategic "alignment," however, would not have destroyed diversity. Furthermore, there are various contractual relationships among the parties that possibly create even more hypothetical alignments or adverse positions. As it stands now, SMI/Robique's liability vis-`a-vis the plaintiff is fixed, but not aligned as against C & G. Thus, at the time of removal, plaintiff and SMI and Robique did not have the same interest in proceeding against C & G or in defending against claims brought by C & G because

there were none. Furthermore, the court cannot ignore that SMI and Robique have an outstanding claim for attorneys' fees against plaintiff and/or Feldman, which makes them non-diverse, adverse parties. The court recommends that realignment of SMI, Robique, and Feldman as plaintiffs merely to create diversity of citizenship is not appropriate in this case.

If realignment is not allowed, C & G argues that the citizenship of SMI and Robique should be disregarded because they are nominal parties as the claims against them have been settled. Although a settlement between plaintiff, Feldman, SMI, and Robique has been executed, there is neither a suggestion nor actual evidence that either actual claims or SMI and Robique have been dismissed. In fact, there is a remaining claim asserted by SMI against PTC and/or Feldman for attorneys' fees.[10] C & G relies on *J.D. Bradley v. Maryland Casualty Co.,* 382 F.2d 415 (8th Cir. 1967), to support its argument in favor of disregarding SMI and Robique as nominal parties. The court in *J. D. Bradley,* supra, held that the third-party defendant who had entered into a settlement agreement before the case was removed should be disregarded when considering whether all defendants consented to removal. The court's holding does not address the issue in this case - whether the citizenship of a party who has settled most of its claims, but who has not been dismissed, can be disregarded for purpose of determining diversity jurisdiction. Possibly this issue was not considered because the settling parties in *J. D. Bradley*, supra., are diverse. Thus, the case on which C & G relies is not controlling. Because SMI and Robique have not been

---

[10] Again, the parties have not attached the third-party demand, and it is unclear whether the claim for attorneys' fees is against PTC or Feldman. Regardless of whether it is against PTC or Feldman, it is a claim against a non-diverse party.

dismissed, and SMI has a pending claim for attorneys' fees against PTC and/or Feldman, the court will not disregard their citizenship for purposes of diversity.

C & G has failed to prove that diversity of citizenship exists in this case or that diversity of citizenship can be created by disregarding or realigning the non-diverse parties with plaintiff. The party seeking to establish diversity jurisdiction must prove both that both elements - diversity of citizenship and amount in controversy - are satisfied. Because diversity of citizenship is lacking, it is unnecessary to discuss amount in controversy.

C & G also removed this matter on federal question jurisdiction. Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 1036 S.Ct. 3229, 3237, 92 L.Ed.2d 650 (1986), *citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). C & G argues that the alleged violations of federal law form an essential element of plaintiff's claims and that plaintiff's cause of action depends on the validity and construction of federal law. Plaintiff's amended petition alleges that "the underlying transaction was against public policy and was violative of affirmative requirements of health, safety, and welfare of the general public of the State, as required by DEQ (failure to register on Form DRC-22, and multiple violations of Title 33, Part XV LADC, et seq.) and as required by the FDA (failure to register on Form 2579 and multiple violations of 31 U.S.C. §301, et seq and 21 CFR §1000 et seq" (rec. doc. 1-3). Plaintiff further alleges that "the blatant and intentional violations of law and public policy described hereinabove, reduce the underlying transaction to an absolute nullity." Id.

Plaintiff explains that the references to the Federal Food and Drug Administration and Federal Food, Drug, and Cosmetics Act (FDCA) were intended to support the state law claims of redhibition, negligence, and unfair trade practice. Further, plaintiff offers case law to support its position that the FDCA does not give rise to a federal, private right of action, which is not challenged by C & G. See *Bailey v. Johnson,* 48 F.3d 965, 966 (6th Cir. 1995). In a case where plaintiff made references to the FDCA in the complaint, the Supreme Court has held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treatise of the United States.'" *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 1036 S.Ct. 3229, 3237, 92 L.Ed.2d 650 (1986). This holding was softened in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 319, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005), where the court explained that the holding in *Merrell Dow*, supra, was not intended to adopt a bright-line rule that there must be a federal cause of action in order to establish federal question jurisdiction. The *Grable* court explained that *Merrell Dow* should be read as treating the absence of a federal private right of action as "relevant to, but not dispositive of" whether federal question jurisdiction exists. Id. The court further interpreted the *Merrell Dow* decision as discouraging the exercise of federal question jurisdiction where alleged federal statutory violations are used to establish negligence or other state law claims because of the "potentially enormous shift of traditionally state cases into federal courts." Id.

A review of plaintiff's well-pleaded amended petition, indicate that the references to federal law are included only to support the state law claims. Plaintiff sets forth its "theories

of recovery" in paragraph 6 of the amended petition as "redhibition, violations of LACC art. 2315, and violations of the Louisiana Unfair Trade Practices Act" (rec. doc. 1-3). Plaintiff does not allege a specific theory of recovery under the FDCA. Thus, based on *Merrell Dow and Grable & Sons Metal Products, Inc., supra,* the mere fact that plaintiff alleges a violation of the FDCA as an element of a state law cause of action does not give rise to federal question jurisdiction.

Movers request the payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal as allowed by 28 U.S.C. §1447(c). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The award is within the discretion of the district court and is to be guided by the standard that, "[a]bsent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonably basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711. This matter involves numerous issues that were not clear on their face; thus, the defendant did not lack an objectively reasonable basis for removing this matter considering all of the factors that had to be analyzed to reach the Court's conclusion, and Movers' request for attorneys' fees and costs should be denied.

### Conclusion

As the removing party, C & G has the burden of proving either diversity or federal question jurisdiction. C & G has failed to prove that the non-diverse settling parties should be realigned with the plaintiff or disregarded as nominal defendants in order to support

-11-

Case 3:08-cv-00483-RET-DLD   Document 30   05/18/09   Page 11 of 13

diversity of citizenship.  Additionally, C & G has failed to prove that plaintiff's amended petition arises under the "Constitution, laws, or treaties of the United States in order to support federal question jurisdiction.   Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 5) should be **GRANTED**, and this matter remanded to the **19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.**

**IT IS FURTHER RECOMMENDED** that the request for attorneys' fees should be **DENIED.**

**Signed in Baton Rouge, Louisiana, on May 18, 2009.**

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHWEST MISSISSIPPI ANESTHESIA, P.A., INC. d/b/a THE PAIN TREATMENT CENTER | CIVIL ACTION<br><br>NUMBER 08-483-RET-DLD |
| **VERSUS** | |
| C & G TECHNOLOGIES, INC., ET AL. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 18, 2009.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**